# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALEXIS MENDOZA, et al.,

    Plaintiff(s),

v.

SOS SECURITY, LLC, et al.,

    Defendant(s).

Case No.: 2:19-cv-01956-KJD-NJK

**ORDER**

Nearly every filing that defense counsel has made in this case has violated the local rule requiring the full name of a minor be redacted so that only her initials are shown. Local Rule IC 6-1(a). That behavior has continued even after the issuance of notices from the Clerk's Office and a court order warning of potential sanctions. *See* Docket Nos. 5, 7, 12. Now pending before the Court is an order for attorneys Troy Clark and Randall Tindall to show cause why they should not be sanctioned for their most recent violation of this rule. Docket No. 17.

Mr. Clark did not respond to the order to show cause as he apparently has no involvement with the filings. *See* Docket No. 18 at 1. Given that Mr. Clark's CM/ECF login has been used to file these documents, however, he is hereby **CAUTIONED** that he bears responsibility for any documents filed with his login and that he must comply with Local Rule IC 5-1(b) moving forward.

With respect to Mr. Tindall, he represents that his continued violations are the result of his ignorance of practice in this Court, his failure to be diligent or thorough, and his incompetence. *See* Docket No. 18 at 2, 4. Mr. Tindall then seeks to avoid repercussions for his pattern of

1

violations by asserting that they arise out of his "inexcusable ignorance and carelessness and rushing, rather than contempt." *Id.* at 4.

While the Court appreciates the candid admissions, Mr. Tindall's excuses do not hold water. "[W]e expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court." *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). Ignorance of governing rules is an especially frivolous excuse when the Court has already pointed out that specific rule violation to counsel three times earlier in the case. Moreover, sanctions under Rule 16(f) do not require some predicate finding of willfulness or bad faith. *See, e.g.*, *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999). The type of gross incompetence admitted to by Mr. Tindall more than suffices to impose sanctions.

Notwithstanding that the Court has discretion to impose monetary sanctions based on the circumstances, the Court declines to do so in this instance. Mr. Tindall has "promise[d]" that he is taking steps to avoid any future violations and, further, that he agrees to a sanction in the amount of $5,000 for any future violations that do occur. *See* Docket No. 18 at 4. The Court takes Mr. Tindall at his word. In light of that representation, the Court hereby **ORDERS** that Mr. Tindall must read the local rules of this Court in their entirety and must file a declaration so indicating by December 20, 2019.[1] Mr. Tindall is **CAUTIONED** that strict compliance with the rules is required moving forward. **Any violation of the redaction requirements in the future will result in serious sanctions as already agreed to by Mr. Tindall.**

Except as stated above, the order to show cause is otherwise **DISCHARGED**.

IT IS SO ORDERED.

Dated: December 13, 2019

Nancy J. Koppe
United States Magistrate Judge

---

[1] Declarations filed in federal court are made pursuant to 28 U.S.C. § 1746, not state statute.